**EXHIBIT 1**

# BURSOR & FISHER
P.A.

**701 BRICKELL AVENUE**　　　　　　　　　　　　　　　　　　　　　　　　　　　　**SARAH N. WESTCOT**
**SUITE 1420**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Tel: **305.330.5512**
**MIAMI, FL 33131**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Fax: **305.676.9006**
**www.bursor.com**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**swestcot@bursor.com**

November 16, 2021

<u>*Via Certified Mail - Return Receipt Requested*</u>

Unilever United States, Inc.
Attn: Legal Department
700 Sylvan Avenue
Englewood Cliffs, New Jersey 07642

Re:　*Notice and Demand Letter Pursuant to U.C.C. § 2-607;
　　　New York Gen. Bus. Law §§ 349 and 350;
　　　and all other relevant state and local laws*

To Whom It May Concern:

　　　This letter serves as a preliminary notice and demand for corrective action by Unilever United States, Inc. ("Unilever" or "You") pursuant to U.C.C. § 2-607(3)(a) concerning breaches of express and implied warranties – and violations of state consumer protection laws, including but not limited to New York General Business Law ("GBL") §§ 349 and 350 – related to our clients, Otto Delcid and Luz Roman, and a class of all similarly situated purchasers (the "Class") of defective and falsely labeled Brut antiperspirant products manufactured and sold by You.

　　　In or about September 2021, Mr. Delcid purchased a canister of antiperspirant labeled as "Brut Classic, 24 Hour Protection" (the "Brut Product") in New York.  Likewise, in or about April 2020, Ms. Roman purchased the Brut Product in New York.  The Brut Product was manufactured by You in New Jersey and sold by You in New York and across the United States.  Our clients' Product was defective in that it contained elevated levels of Benzene, a carcinogenic and toxic chemical impurity that has been linked to leukemia and other cancers.  On November 3, 2021, Valisure, an online pharmacy registered with the FDA, "detected high levels of benzene and other contaminants in specific batches of body spray products, some of which contain active pharmaceutical ingredients aluminum chlorohydrate or aluminum sesquichlorohydrate."[1]  This included the Brut Product manufactured by You, which contained as much as 4.13 parts per million of Benzene.[2]  Notably, the presence of Benzene in the Brut Product is avoidable,

---

[1] VALISURE, VALISURE CITIZEN PETITION ON BENZENE IN BODY SPRAY PRODUCTS, Nov. 3, 2021, https://www.valisure.com/wp-content/uploads/Valisure-FDA-Citizen-Petition-on-Body-Spray-v4.0-3.pdf (the "Valisure Petition"), at 1.

[2] *Id.* at 13.

meaning the Product could have been manufactured without Benzene.  There is no reason Benzene should be present in the Brut Product and there is no acceptable level of Benzene in the Brut Product.

In short, the Brut Product that our clients and the Class purchased is worthless, as it contains Benzene, rendering it unusable and unfit for humans.  *See* 21 U.S.C. §§ 331(a), 352; *see also Debernardis v. IQ Formulations, LLC*, 942 F.3d 1076, 1085 (11th Cir. 2019); *In re Valsartan, Losartan, & Irbesartan Prod. Liab. Litig.*, 2021 WL 222776, at *16 (D.N.J. Jan. 22, 2021).  You violated express and implied warranties made to our clients and the Class regarding the quality and safety of the Brut Product they purchased.  *See* U.C.C. §§ 2-313, 2-314.

This letter also serves as notice of violation of GBL §§ 349 and 350, and all other relevant state and local laws.  You violated GBL §§ 349 and 350 by failing to disclose that the Brut Product contained elevated levels of Benzene, rendering the Brut Product unsafe for human use.  You also violated the GBL §§ 349 and 350 by selling an adulterated and misbranded product in violation of the Food, Drugs, and Cosmetics Act.  Pursuant to these violations, our clients and a subclass of New York purchasers of the Brut Product are entitled to statutory damages of $550 per violation.

On behalf of our clients and the Class, we hereby demand that You immediately (1) cease and desist from continuing to sell the defective Brut Product, and (2) make full restitution to all purchasers of the defective and falsely labeled Brut Product of all purchase money obtained from sales thereof.

We also demand that You preserve all documents and other evidence which refers or relates to any of the above-described practices including, but not limited to, the following:

1. All documents concerning the packaging, labeling, and manufacturing process for Your Brut Product;

2. All documents concerning the design, development, supply, production, extraction, and/or testing of the Brut Product manufactured by You;

3. All tests of the Brut Product manufactured by You;

4. All documents concerning the pricing, advertising, marketing, and/or sale of the Brut Product manufactured by You;

5. All communications with customers involving complaints or comments concerning the Brut Product manufactured by You;

6. All documents concerning communications with any retailer involved in the marketing or sale of the Brut Product manufactured by You;

7. All documents concerning communications with federal or state regulators; and

8. All documents concerning the total revenue derived from sales of the Brut Product.

If you contend that any statement in this letter is inaccurate in any respect, please provide us with your contentions and supporting documents immediately upon receipt of this letter.

Please contact me right away if you wish to discuss an appropriate way to remedy this matter. If I do not hear from you promptly, I will take that as an indication that you are not interested in doing so.

Very truly yours,

Sarah N. Westcot