```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
OTTO DELCID and LUZ ROMAN,                                  :
                                                            :
                              Plaintiffs,                   :
                                                            :          21-CV-9569 (VSB)
                -against-                                   :
                                                            :               ORDER
HELEN OF TROY LIMITED and TENGRAM                           :
CAPITAL PARTNERS, LLC,                                      :
                                                            :
                              Defendants.                   :
                                                            :
------------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

      Plaintiffs filed their original complaint on November 18, 2021, through which they seek to represent a class of consumers on theories of liability arising from the marketing and sale of certain "antiperspirant aerosol and spray products." (Doc. 1). On November 23, 2021, Plaintiffs filed their First Amended Complaint ("FAC"), which removed one of the three Defendants named in the original complaint. (*See* Doc. 5.) On December 6, 2021, Plaintiffs returned summonses indicating that the Defendants named in the FAC had been served, which rendered Defendants' answers due, respectively, on December 15, 2021, and December 20, 2021. (Docs. 10–11.) On December 22, 2021, Plaintiffs filed a motion to consolidate this action with an action filed on November 19, 2021 pending before Judge Naomi Reice Buchwald, *Kallamni v. Tengram Capital Partners, LLC*, 21-cv-9616-NRB (S.D.N.Y.), and for the appointment of interim class counsel (the "Motion"). (Doc. 12.) To date, no Defendant has appeared either in this action or in the action before Judge Buchwald.

      Consolidation is a "valuable and important tool of judicial administration." *Consorti v. Armstrong World Indus., Inc.*, 72 F.3d 1003, 1006 (2d Cir. 1995), *vacated on other grounds*, 518 U.S. 1031 (1996). Under Federal Rule of Civil Procedure 42(a), when separate actions before a

court involve a common question of law or fact, a court is empowered to "consolidate the actions." Fed. R. Civ. P. 42(a)(2).  Essentially, Rule 42 is "invoked to expedite trial and eliminate unnecessary repetition and confusion," *Devlin v. Transp. Commc'n Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999) (internal quotation marks omitted), and it vests a district court with broad discretion to consolidate actions, even to do so sua sponte, *see id.*  "[A] district court must examine the special underlying facts with close attention before ordering a consolidation," and as such determinations on consolidation are reviewed only for "abuse of discretion."  *See In re Repetitive Stress Inj. Litig.*, 11 F.3d 368, 373 (2d Cir. 1993).

IT IS HEREBY ORDERED that the Motion is DENIED without prejudice.  Given that no Defendant has appeared in either action that Plaintiffs seek to consolidate, I do not have the benefit of any Defendant's views on the Motion.  Plaintiffs may renew the Motion if and when Defendants appear in this action.  It is further

ORDERED that, given that Defendants have failed to appear, Plaintiffs must seek a default judgment in accordance with Rule 4(H) of my Individual Rules and Practices in Civil Cases by no later than February 4, 2022.  In addition to the filings called for by my Individual Rules, Plaintiffs may file a motion for class certification.  If Plaintiffs do move for class certification as part of seeking default judgment, their briefing on that motion should explain both the propriety of service in this action and why personal jurisdiction over Defendants is proper, and their briefing should refer to recent Second Circuit case law on specific jurisdiction.  If Plaintiffs do not move for default judgment by February 4, 2022, or if they otherwise demonstrate that they do not intend to prosecute, I will dismiss this case for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk of Court is directed to close the open motion at docket number 12.

SO ORDERED.

Dated: January 3, 2022
       New York, New York

_____
VERNON S. BRODERICK
United States District Judge