```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
OTTO DELCID, et al.,                    :
                                        :           21cv9569 (DLC)
                        Plaintiffs,     :
            -v-                         :         OPINION AND ORDER
                                        :
TCP HOT ACQUISITION LLC and IDELLE      :
LABS, LTD,                              :
                                        :
                        Defendants.     :
                                        :
----------------------------------------X
```

DENISE COTE, District Judge:

    This civil class action has provided the class with limited relief of questionable value. Now the plaintiffs' counsel ("Class Counsel") seek $1,216,666.67 in attorney's fees and costs, representing 1/3 of the $3.65 million settlement. Plaintiffs also seek service awards of $500 for each of the six class representatives ($3,000 in total). Class Counsel will be awarded $300,000.00 in attorney's fees and costs; the request for service awards is denied.

    In this litigation, plaintiffs allege that various Sure and Brut brand antiperspirant products manufactured by the defendants were contaminated with benzene, a chemical carcinogen. Plaintiffs sought injunctive relief and compensation for the alleged economic losses sustained by U.S. consumer purchasers of select Sure and Brut branded antiperspirant spray products (the "Covered Products"). The

defendants agreed to a settlement in the amount of $3.65 million (the "Settlement Agreement"). In the Settlement Agreement, the defendants also agreed that:

> Defendants shall, for not less than eighteen (18) months following the date of Preliminary Approval, employ commercially reasonably best practices to ensure that Covered Products <u>comply with federal standards and regulations</u> relating to the presence of Benzene. Such practices will include screening for benzene and addressing any detectable benzene as warranted.

(emphasis added).

On November 3, 2021, Valisure LLC ("Valisure"), an analytical pharmacy, filed a citizen's petition (the "Valisure Petition") with the U.S. Food and Drug Administration ("FDA"). The Valisure Petition stated that Valisure had performed tests on batches of body spray products from 30 different brands that marketed and sold the products in the U.S., and that a significant number of these products contained detectable levels of benzene.

On November 18, plaintiffs Otto Delcid and Luz Roman, filed a class action complaint in the Southern District of New York against Unilever United States, Inc., seeking injunctive relief and compensation for alleged economic losses sustained by U.S. purchasers of the Covered Products. On November 19, plaintiff Mina Kallamni, filed a similar class action complaint against Tengram Capital Partners, LLC in the Southern District of New

York.  See Kallamni v. Tengram Capital Partners, LLC, 21-cv-09616 (S.D.N.Y. Nov. 19, 2021).  On January 25, on stipulation of the parties and with approval of the Court, the plaintiffs filed a single Consolidated Class Action Complaint ("CCAC") on behalf of a nationwide class, naming TCP Hot Acquisition LLC and Idelle Labs, Ltd. as defendants.  The CCAC alleged violations of New York, California, and Florida consumer protection laws and claims for breach of express and implied warranties, fraud, and unjust enrichment resulting from the presence of benzene in the Covered Products.

On February 16, 2022, the defendants initiated a voluntary nationwide recall.  The recall was directed at distributors, retailers, and customers.  For customers, defendants offered a full refund.  The recall covered up to three products without proof of purchase and an unlimited number of products with receipts.  Approximately $135,000 was paid in refunds.

By letter dated May 24, 2022, the parties advised the Court that they had reached a settlement, and on July 27 plaintiffs filed their motion for preliminary approval of class action settlement and class certification in connection with their Settlement Agreement.  This case was reassigned to this Court on August 17.  On October 28, the Court granted preliminary approval of the Settlement Agreement, and a Final Approval Hearing was held on March 13, 2023.  The Settlement Agreement

was approved at the Final Approval Hearing, and the parties were invited to submit additional briefing on the issue of attorney's fees.

The Settlement Agreement provides $3,650,000, before any deductions, to pay claims of consumers who purchased the Covered Products between November 15, 2015 and October 28, 2022. Pursuant to the Settlement Agreement, class members are eligible to receive a full refund with proof of purchase or, without proof, the average retail price for up to five Covered Products per household plus 10% sales tax. Through the notice program, 328,438 individual persons submitted claims. Of those claims, 277 provided valid proof of purchase, totaling $11,344.14.

Class Counsel proposes the following deductions from the $3.65 million settlement fund: $1,216,666.67 in attorney's fees and costs, $3,000 in incentive awards to the class representatives, and $325,000 for the costs of notice and administration. These proposed deductions leave $2,105,333.33 in available funds for the claimants. Of that, $11,344.14 would be distributed to those with proof of purchase, and $2,093,989.19 would be distributed to those without proof of purchase. Thus, the average estimated recovery for those that

4

submitted claims, with or without proof of purchase, is $6.41.[1] The average purchase price of the Covered Products is $3.91. Accordingly, under Class Counsel's proposal, the class members receive less than the cost of two individual units of the Covered Products.

The injunctive relief achieved in the settlement is likewise of limited value. The injunction provides that, for a period of 18-months, the defendants will test for the presence of benzene, and "employ commercially reasonably best practices to" meet federal standards. The defendants have asserted that, prior to the filing of the Valisure Petition, they had no prior knowledge of, or reason to test for, the presence of benzene in their products. At the preliminary approval hearing, the defendants stated that they began screening for benzene after the Valisure Petition was filed -- when they first became aware of the issue. In the Final Approval Hearing, the defendants further stated that they would have initiated benzene testing on their products whether this lawsuit was filed or not. Defendants now have a process in place with its contract

---

[1] Because the individuals who submitted proof of purchase will receive a full refund under the terms of the Settlement Agreement, a better measure of the average estimated recovery would be the recovery for only those that submitted no proof of purchase. That amount is $6.38. The parties, however, assert that $6.41 is the appropriate amount to consider as the average estimated recovery.

5

manufacturers "to test for and screen out allegedly offending levels of benzene." Further, one can assume that defendants would try to meet federal standards and regulations regarding the presence of benzene in their products regardless of the Settlement Agreement.

In reviewing a fee application, the "court is to act as a fiduciary who must serve as a guardian of the rights of absent class members." Fresno Cnty. Employees' Ret. Ass'n v. Isaacson/Weaver Fam. Tr., 925 F.3d 63, 71 (2d Cir. 2019) (citation omitted). District courts may calculate reasonable attorney's fees using either the lodestar amount, which is the reasonable hourly rate multiplied by the hours reasonably expended, or a using percentage of the fund. Fikes Wholesale, Inc. v. HSBC Bank USA, N.A., 62 F.4th 704, 723 (2d Cir. 2023). "Regardless of which method is chosen, the analysis is effectively the same." Id. In calculating a reasonable attorney's fee, district courts are to be guided by the following factors:

> (1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation . . . ; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations.

Id. (citing Goldberger v. Integrated Res., Inc., 209 F.3d 43, 50 (2d Cir. 2000)). District courts that use the percentage method "routinely keep the lodestar in sight, heeding Goldberger's

advice to require documentation of hours as a cross check on the reasonableness of the requested percentage." Id. (citation omitted).  A district court can avoid a "windfall" by "adjust[ing] the percentage awarded in order to come up with a fee it deems reasonable in light of the Goldberger factors." Masters v. Wilhelmina Model Agency, Inc., 473 F.3d 423, 437 (2d Cir. 2007).

Class Counsel request that the Court apply the percentage of the common fund approach, and award attorney's fees of 1/3 (or 33.33%) of the common fund.  During the Final Approval Hearing, held on the record on March 13, 2023, the Court discussed the Goldberger factors.  Among other things, the Court noted: the litigation settled early and discovery had not yet begun, the risk of a dismissal of this litigation at the motion to dismiss stage was high, the payout to any individual claimant is de minimus, and the public good achieved by this litigation was unclear.

In response, Class Counsel submitted additional briefing, records and support for consideration of their attorney's fee request.  Those records reflect a request for expense reimbursement of close to $21,000.  Over half of that amount appears to be payment to a laboratory for testing of Sure and Brut products purchased in November of 2021 for $26.42.  That laboratory testing was requested by The Sultzer Law Group, which

submitted a fee request for over $540,000. The other three law firms submitted fee requests for over $386,000, $85,000, and $46,000, respectively.

There was no need for work to be done in this case by more than a single law firm. An examination of the time records for The Sultzer Law Group does not support a lodestar calculation of over $540,000. The principal work done in this litigation was the filing of a complaint, ordering a test to be done by a laboratory, drafting an opposition to a motion to dismiss, and negotiating a settlement. Moreover, as reflected on the record for the preliminary approval of the settlement, the Court had concerns about the breadth of the proposed release and there were inaccuracies in the notice of the settlement prepared by Class Counsel. The attention to detail in this case left much to be desired.

Having considered all matters submitted to it including the complete record of the litigation and Class Counsel's time and expense logs, the Court finds an award for payment of attorney's fees, expenses, and costs of $300,000 (representing 8.22% of the fund) to be fair, reasonable, and appropriate pursuant to Goldberger and applicable case law.

Finally, plaintiffs' application for service awards will be denied. Plaintiffs' seek a service award of $500 to each of the six individual plaintiffs. Class members' confidence in their

representation "derives in large measure from knowing that the class representative stands in the same shoes as all other members of the class.  If the class does well, the class representative will do well in the same proportion to others." Silberblatt v. Morgan Stanley, 524 F. Supp. 2d 425, 435 (S.D.N.Y. 2007).  The Second Circuit "[has] articulated no standard by which district courts can consider the grant of service awards." Fikes Wholesale, 62 F.4th at 721.  District courts within this Circuit, however, have generally relied upon the following factors:

> [1] the existence of special circumstances including the personal risk (if any) incurred by the plaintiff-applicant in becoming and continuing as a litigant, [2] the time and effort expended by that plaintiff in assisting in the prosecution of the litigation or in bringing to bear added value (e.g., factual expertise), [3] any other burdens sustained by that plaintiff . . . and, of course, [4] the ultimate recovery.

Id. (citation omitted).  Service awards to class representatives "while not foreclosed, should be closely scrutinized." Silberblatt, 524 F. Supp. 2d at 435.  Plaintiffs have not identified any special risks, expenses, or burdens that warrant a service award in this action.  Accordingly, their application for a service award is denied.

## Conclusion

The Court awards Class Counsel $300,000 in attorneys' fees, costs, and expenses. The requests for service awards to each of the six named plaintiffs is denied.

Dated:   New York, New York
         April 28, 2023

_____
DENISE COTE
United States District Judge